UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| SCOTT D. TORONYI ) | | Chapter 7 |
| ) | | |
| Debtor. ) | | Case No. 10 B 16175 |
| _____ ) | | |
| ) | | |
| LORAINE E. CARLSON, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adv. No. 10 A 1538 |
| ) | | |
| SCOTT D. TORONYI, ) | | |
| ) | | |
| Debtor-Defendant ) | | Honorable Jacqueline P. Cox |
| _____ ) | | |

## MEMORANDUM OPINION

Ms. Lorraine E. Carlson, the plaintiff herein, seeks a determination that the judgment obligation of $76,827.29 is not dischargeable pursuant to 11 U.S.C. § 523(a)(15) as to Defendant Scott D. Toronyi (the "Debtor"). For the reasons that follow, the Court declines to find that such debts are excepted from discharge.

### I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II. Facts and Background

Plaintiff, Loraine Carlson is the mother of Scott D. Toronyi's ("Debtor") former wife. Debtor and Ms. Toronyi were married on August 14, 1993 and divorced on September 2, 2009. During the course of the marriage, Ms. Lorraine E. Carlson ("Ms. Carlson") loaned the Debtor and Ms. Toronyi $76,827.29 for renovations to the marital home (the "Marital Loans"). The Marital Loans are uncontested obligations of the Debtor and Ms. Toronyi.

On September 2, 2009, a judgment for dissolution of marriage ("Judgment for

Dissolution") was entered in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois.

Neither the Debtor nor Ms. Toronyi was represented by counsel in the divorce proceedings.

The Judgment for Dissolution provides in relevant part that the "marital debt to Lorraine Carlson is $76,827.29 as presented to the Court with documentation . . . and is divided 50-50, between the parties or $38,413.65. Adv. No. 10-1538, dkt. no. 1, p. 16.

On July 27, 2010, Ms. Carlson filed Adversary Proceeding No. 10-1538, alleging in part that certain obligations incurred in connection with the Judgment for Dissolution were not dischargeable.

Ms. Carlson voluntarily withdrew Counts I and III of her complaint. Therefore, the only issue that remains is whether the Debtor's obligation to pay Ms. Carlson in connection with the Marital Loans is subject to the section 523(a)(19)(B)(1) exception to discharge.

At the May 25, 2011 trial on Adversary Proceeding No.10 A 1541, Ms. Toronyi testified that both she and the Debtor borrowed money from Ms. Carlson in connection with plans to renovate the marital home. Ms. Carlson made a series of loans in the form of checks and cash, for a total of $76,827.29.

Ms. Toronyi testified that after the renovations were complete, she and the Debtor planned to sell the marital home. The testimony of Ms. Toronyi and the Debtor revealed that the proceeds from the sale of the marital home were to be used to repay the Marital Loans. However, the home was never sold.

## II. Discussion

In her adversary complaint, Ms. Carlson alleges that the Marital Loan is not dischargeable pursuant to 11 U.S.C. § 523(a)(19)(B)(1). However, section 523(a)(19) applies to the violation of state and Federal securities laws or common law fraud, deceit, or manipulation in connection with the purchase or sale of security. 11 U.S.C. § 523(a)(19). Thus, section 523(a)(19)(B) is not applicable to the debt at issue here.

Ms. Carlson undoubtedly meant to proceed under 11 U.S.C. § 523(a)(15) and the Court will treat the complaint herein as having been filed as a request to except from discharge a debt incurred by the Debtor in the course of a divorce as allowed by 11 U.S.C. § 523(a)(15).

The Court will not except the Marital Loans from discharge because it was the parties' agreement and understanding that it would be paid from proceeds from the sale of the Toronyis' marital home.

      Judgment is entered against Plaintiff, Loraine E. Carlson; judgment is entered in favor of the Defendant, Scott D. Toronyi. The debt owing to Loraine E. Carlson will be discharged upon the entry of the general discharge.

**Dated: June 6, 2011**　　　　　　　　　　　　　　**ENTERED:**　*Jacqueline P. Cox*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*J. Cox*
　　　　　　　　　　　　　　　　　　　　　　　　————————————————
　　　　　　　　　　　　　　　　　　　　　　　　**Jacqueline P. Cox**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**